HILLSBOROUGH.

---

## Mansfield *v.* Fassett & *a.*

A police court record, containing a clerical error, does not entitle a party-
to a *mandamus* for the issue of an execution to which he would not be-
entitled on a correction of the error.

PETITION, against the justice and clerk of the police court of
Nashua, for a writ of *mandamus* commanding the issue of an exe-
cution by that court in favor of the plaintiff against the trustee in
the action *Mansfield* v. *Dunn and N. L. Co., Tr.*  Facts found by
a referee.  That action, and another brought by O'Neil against.
the same defendant and the same trustee, were entered at the May
term of the police court, 1884.  Both suits were brought by the
same attorney.  O'Neil's writ was served on the trustee before that
of Mansfield.  Judgment was rendered for the plaintiff against
Dunn in Mansfield's action, and it was understood that the trustee's
disclosure in O'Neil's case should be used in both cases.  No ap--
pearance was entered on the docket for the trustee, who had no
counsel.  The disclosure was taken in O'Neil's case, and one Barry
appeared as claimant of the funds in the hands of the trustee, and
filed a bond.  On the issue between O'Neil and Barry there was a
trial; and judgment being rendered for the claimant discharging-
the trustee, O'Neil appealed.  The justice and the claimant under-
stood there would be no hearing on the liability of the trustee in
Mansfield's action, but that the question, being the same in both
cases, would be settled for both on O'Neil's appeal, and that the-
question in the second suit would await and be determined by the-

result in the first.   Mansfield's attorney, not having the same understanding, obtained from the clerk and caused to be served on the claimant an order of notice requiring him to appear at the July term and maintain his claim.   At the July term, the claimant did not appear, and nothing was done.   September 14, Mansfield's attorney moved that the trustee be charged, and the justice directed this entry to be made on the docket in Mansfield's action,—" Tee charged subject to previous suit in favor of O'Neil."   The meaning of this order, as understood by the justice, was, that the trustee should be charged if O'Neil prevailed on his appeal, and not otherwise.   On that appeal, the judgment of the police court was affirmed.   The clerk, by direction of the justice, refused to issue against the trustee an execution demanded by Mansfield.

*J. B. Parker* and *W. W. Bailey*, for the plaintiff.

*J. B. Fassett*, for the defendants.

DOE, C. J.   Whether the entry charging the trustee subject to the previous suit does or does not correctly express the order intended to be made, this petition cannot be maintained.   Whatever might be done for the correction of a clerical error by an amendment of the record of the police court, the record containing such an error would be no cause for compelling that court to give the plaintiff an execution to which, upon a correction of the error, he would not be entitled.

*Petition denied.*

All concurred.